UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Gold Medal Insurance Company,

Plaintiff,

vs.

Eagle Star, Europa Re, Government Insurance Office, and P M Brotherton sued on his own behalf and on behalf of all underwriting members of Syndicate 490 at Lloyds,

Defendants.

File No. 01-CV-1147 DWF/AJB

**STIPULATED REQUEST FOR STAY AND ORDER**

---

WHEREAS, Gold Medal Insurance Company ("Gold Medal") allegedly commenced this action on or about June 26, 2001, by filing its Complaint for Declaratory Relief and Petition to Compel Arbitration with the United States District Court for the District of Minnesota.

WHEREAS, Gold Medal allegedly served the Summons and Complaint by service upon the Minnesota Department of Commerce-Commissioner's Office and transmittal to the Defendants;

WHEREAS, on July 17, 2001, counsel for the parties entered into a Stipulation and Order for Leave to Extend the Time to Answer or Otherwise Plead;

WHEREAS, on July 31, 2001, Defendants served and filed their Joint and Separate Answer raising a number of affirmative defenses, including this Court's lack of jurisdiction over them and insufficiency of service;

WHEREAS, Plaintiff has moved the Court for a preliminary injunction originally scheduled to be heard before the Honorable Donovan Frank on October 5, 2001;



OCT 29 2001
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

WHEREAS, Defendants have moved the Court to dismiss this action for lack of personal jurisdiction and insufficiency of service, such motion originally scheduled to be heard before the Honorable Donovan Frank on October 5, 2001;

WHEREAS, the Notice of Pretrial Conference dated August 8, 2001, requires certain tasks, including the Rule 26(f) Report and Rule 26(a)(1) Disclosures to be completed in September 2001;

WHEREAS, the Rule 16 pretrial conference was scheduled for September 20, 2001 and the parties appeared before the Magistrate Judge to discuss the terms of this Stipulation;

WHEREAS, the parties wish to avoid the time and expense associated with the preparation of the Rule 26(f) Report and Rule 26(a)(1) Disclosures until the Court rules on Defendants' motion to dismiss.

WHEREAS, the parties request that all court requirements and discovery (excepting jurisdictional discovery) be stayed pending the Court's resolution of the motion to dismiss and a determination of any party's appeal of that ruling.

WHEREAS, as to the issue of jurisdictional discovery, the parties acknowledge that Defendants do not agree to appear for depositions and Gold Medal reserves the right to seek an Order compelling depositions.

WHEREAS, the parties have discussed, but have not yet reached agreement on, conditions for a withdrawal of Gold Medal's motion for a preliminary injunction;

WHEREAS, the parties will continue to discuss such conditions, but if no agreement is reached by the time Gold Medal is to respond to Defendants' motion to dismiss, then

Gold Medal's motion will be heard at the same time as Defendants' motion and the briefing schedule for the responses and replies will be the same; and

WHEREAS, the parties have discussed the following scheduling, without either party waiving any rights to seek or object to other discovery on the referenced subjects:

1. Within 14 days of the Defendants producing their underwriting and/or placement files, Gold Medal will file a discovery motion with respect to the depositions that it wishes to take;

2. Defendants shall file their opposition to the motion to compel depositions seven days prior to the hearing;

3. Three days after discovery is completed, Gold Medal will then have 21 days to respond to Defendants' pending motion to dismiss;

4. Defendants will have 14 days thereafter to reply;

5. The Court shall schedule a hearing for the motion to dismiss.

6. If the parties are not able to reach an agreement concerning the conditions for a withdrawal of Gold Medal's motion for a preliminary injunction, the response and reply times will be the same as those set forth in paragraphs 3 and 4 of this Order and Gold Medal's motion and Defendants' motion shall be scheduled for the same hearing.

WHEREAS, that either party reserves the right to move the Court to lift the stay;

IT IS HEREBY STIPULATED AND AGREED, that without prejudice to any of the parties hereto to assert any claims or defenses, including but not limited to contesting the Court's jurisdiction and insufficiency of service and Gold Medal's motion for a preliminary injunction, the parties jointly move the Court for an Order staying this proceeding until after the Court rules on the pending motion to dismiss and if necessary, Gold Medal's motion

for a preliminary injunction for the reasons stated above. Further, that the motion hearing on October 5, 2001 be continued consistent with the terms of this stipulation.

Dated: October 25, 2001

James S. Reece (#90037)
Richard L. Voelbel (#112963)
Zelle, Hofmann, Voelbel, Mason & Gette LLP
4400 City Center
33 South Sixth Street
Minneapolis, MN 55402
(612) 339-2020

***Attorneys for Plaintiff Gold Medal Insurance Company.***

Dated: October 25, 2001

John J. McDonald, Jr. (#136815)
Clint S. Bogden (#290154)
Joel T. Wiegert (#306149)
MEAGHER & GEER, P.L.L.P.
4200 Multifoods Tower
33 South Sixth Street
Minneapolis, MN 55402
(612) 338-0661

***Attorneys for Defendants Eagle Star, Europa Re, Government Insurance Office, and P M Brotherton sued on his own behalf and on behalf of all underwriting members of Syndicate 490 at Lloyds.***

**ORDER**

Based on the foregoing Stipulation, excepting for jurisdictional discovery, and possibly Gold Medal's motion for a preliminary injunction, this action is stayed until the Court's resolution of the motion to dismiss and a determination of any subsequent appeal. The schedule for jurisdictional discovery is as follows:

1. Within 14 days of the Defendants producing their underwriting and/or placement files, Gold Medal will file a discovery motion with respect to the depositions that it wishes to take;

2. Defendants shall file their opposition to the motion to compel depositions seven days prior to the hearing;

3. Three days after discovery is completed, Gold Medal will then have 21 days to respond to Defendants' pending motion to dismiss;

4. Defendants will have 14 days thereafter to reply;

5. The Court shall schedule a hearing for the motion to dismiss.

6. If the parties are not able to reach an agreement concerning the conditions for a withdrawal of Gold Medal's motion for a preliminary injunction, the response and reply times will be the same as those set forth in paragraphs 3 and 4 of this Order and Gold Medal's motion and Defendants' motion shall be scheduled for the same hearing.

BY THE COURT:

Dated: 10/26/01

Arthur J. Boylan
United States Magistrate Judge

917761.1